IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA – ATLANTA DIVISION

| | |
|---|---|
| MARVIN WILLIAM COHEN ) | |
| ) | CIVIL ACTION NO: |
| Plaintiff ) | |
| ) | 1: 09-CV-1153-WSD |
| v. ) | |
| ) | |
| DEKALB COUNTY SCHOOL DISTRICT ) | |
| ) | |
| Defendant ) | |
| ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT
DEKALB COUNTY SCHOOL DISTRICT'S MOTION FOR
ENFORCEMENT OF VERBAL SETTLEMENT AGREEMENT**

COMES NOW, Plaintiff Marvin William Cohen (hereinafter referred to as "Plaintiff"), pursuant to Local Rule 7.1 and by and through his undersigned counsel, files this Brief in Opposition to Defendant DeKalb County School District's Motion for Enforcement of Verbal Settlement Agreement, showing this Honorable Court as follows:

**I.    FACTS**

On or about February 27, 2007, Plaintiff and Defendant entered into an Employment Contract (hereinafter "Employment Contract") whereby the Defendant would pay Mr. Cohen $56,676.00 in exchange of Mr. Cohen providing

teaching services.  (*Please See "Employment Contract" attached hereto as Exhibit A*).  On August 6, 2007, Mr. Cohen began work pursuant to the Employment Contract.  (*Please See Defendant's Response to Plaintiff's Request for Admissions Request No. 7 attached hereto as Exhibit B*).

On or about September 27, 2007, Plaintiff broke up a fight between two students, using a technique learned in his Continuing Legal Education courses called a balancing Displacement Technique whereby the aggressor is taken by the arm, turned on the center of gravity and gently placed against the wall, so as to protect both students from additional strikes upon each other.  *(See Affidavit of Marvin Cohen, Attached hereto as Exhibit C)*.  On or about October 27, 2007, Defendant placed Plaintiff on Temporary leave and removed him from the Classroom.  *(See Affidavit of Marvin Cohen, Attached hereto as Exhibit C)*.  On or about November 26, Plaintiff was admitted into Piedmont Hospital and notified the Defendant.  *(See Affidavit of Marvin Cohen, Attached hereto as Exhibit C).*  On or around November 28, 2007 Plaintiff was scheduled for surgery at Piedmont Hospital for complications involving his gallbladder. *(See Affidavit of Marvin Cohen, Attached hereto as Exhibit C)*.  While in pre-op, Plaintiff was notified that Defendant had cancelled his health insurance.  *(See Affidavit of Marvin Cohen,*

*Attached hereto as Exhibit C)*.  On or about December 1, 2007, the Defendant suspended the benefits of Plaintiff and terminated his pay.  (*See Doc. No. 1, Complaint, Par. 9*).  On or around the same date, Defendant sent a letter notifying Plaintiff of his right to a pre-dismissal hearing and included various absurd allegations of child abuse and incompetence.  (*Please See Affidavit of Scott S. Cohen, Esq, attached hereto as Exhibit D. and Thomas C. Sinowski, Esq. Affidavit, attached hereto as Exhibit E*).  The allegations contained within the notice are wholly untrue.  *(See Affidavit of Marvin Cohen, Attached hereto as Exhibit C).*

A Fair Dismissal Hearing for Plaintiff was scheduled for March 14, 2008. (*Please See Notice of Charges attached hereto as Exhibit F*).  Due to the Plaintiff's tenuous health condition on or around March 14, 2008, the Plaintiff sought a continuance of the rescheduled Fair Dismissal Hearing which the Defendant granted.  (*Please See March 10, 2008 Correspondence from Josie Alexander, Esq. to Scott S. Cohen, Esq. attached hereto as Exhibit G*). On March 18, 2008, counsel for the Plaintiff indicated by written correspondence to counsel for the Defendant when the Plaintiff would be ready for a hearing. (*Please See March 18, 2008 Correspondence from Scott S. Cohen, Esq. to Josie Alexander, Esq. attached hereto as Exhibit G*). To date, the Defendant has not provided Mr. Cohen a pre-

termination or post-termination hearing. (*Please See Affidavit of Scott S. Cohen, Esq. and Thomas C. Sinowski, Esq. attached hereto as Exhibit D and E*). As a result of the Defendant's breach of the Employment Contract entered into with the Mr. Cohen, he has incurred lost wages, lost benefits, future lost wages, future lost benefits, damages to his person, his reputation, economic losses, suffering, emotional distress and physical distress. (<u>See</u> *Doc. No. 1, Complaint*). The damaging absurd allegations contained within his file, have resulted in the inability to gain future employment. *(See Affidavit of Marvin Cohen, Attached hereto as Exhibit C).*

Prior to filing Plaintiff's Complaint for Damages counsel for the parties engaged in settlement negotiations. (*Please See Affidavit of Scott S. Cohen, Esq. and Thomas C. Sinowski, Esq. attached hereto as Exhibit D and E*); (*Please See April 4, 2008 and May 27, 2008 Correspondence from Scott S. Cohen, Esq. to Josie Alexander, Esq. attached hereto as Exhibit G*). Plaintiff was willing to accept a reduced lost wage claim in return for confidentiality regarding the allegation so that Plaintiff could move on and find future employment with other school districts as a teacher. (*Please See Affidavit of Scott S. Cohen, Esq. and Thomas C. Sinowski, Esq. attached hereto as Exhibit D and E*). Any potential

settlement was strictly conditioned upon a confidentiality provision provided for Mr. Cohen. (*Id.*). On July 10, 2008, Attorney for the Defendant Ms. Josie A. Alexander sent Attorney for the Plaintiff, Scott S. Cohen, a Settlement Agreement and Release, which was not conforming the Plaintiff offer of Settlement. (*Please See July 10, 2008 E-Mail Correspondence from Josie Alexander, Esq. to Scott S. Cohen, Esq. attached hereto as Exhibit G*). Attorney Cohen, on behalf of the Plaintiff, immediately objected to the Settlement Agreement as the Settlement Agreement did not include the confidentiality provision for Mr. Cohen as discussed as an essential condition prior to any settlement. (*Please See Settlement Agreement and Release attached hereto as Exhibit H*); (*Please See July 10, 2008 Correspondence between Scott S. Cohen, Esq. and Josie A. Alexander, Esq. attached hereto as Exhibit G*). Attorney Alexander indicated the Defendant, under law, is precluded from providing any confidentiality to the Plaintiff. (*Id.*). The parties continued to negotiate the terms of the Settlement Agreement for more than three (3) weeks. (*Please See July 30, 2008 Correspondence from Scott S. Cohen, Esq. to Josie A. Alexander, Esq. attached hereto as Exhibit G*). However, the Plaintiff and the Defendant never entered into a settlement agreement because the Defendant would not provide the Plaintiff with any confidentiality provision.

(*Please See Affidavit of Scott S. Cohen, Esq. and Thomas C. Sinowski, Esq. attached hereto as Exhibit D and E*); (*Please See Defendant's Response to Initial Disclosure No.: 3 and the Joint Preliminary Report & Discovery Plan - Defendant's Response to Question 1(b) attached hereto as Exhibit I*).  Contrary to the Defendant's contentions that it would be illegal to provide any confidentiality to Mr. Cohen, the Plaintiff discovered a Settlement Agreement with DeKalb County School District which provided an employee the same confidentiality provisions Mr. Cohen requested.  (*Please See <u>Mattye Hulin v. DeKalb County School District</u>, attached hereto as Exhibit J*).

   Because the Defendant refused to provide Mr. Cohen with the essential confidentiality provision, no settlement agreement was ever reached or entered into between the parties. (*Please See Affidavit of Scott S. Cohen, Esq. and Thomas C. Sinowski, Esq. attached hereto as Exhibit D and E*); (*Please See Defendant's Response to Initial Disclosure No.: 3 and the Joint Preliminary Report & Discovery Plan - Defendant's Response to Question 1(b) attached hereto as Exhibit I*).  As such, on April 30, 2009, Plaintiff Marvin William Cohen filed his Complaint for Damages against Defendant DeKalb County School District. (<u>See</u> Doc. No. 1, Complaint).  On May 26, 2009, the Defendant filed its Answer to

Plaintiff's Complaint.  (See Doc. No. 4, Answer).  On June 25, 2009 the Defendant conceded in two (2) writings that no Settlement Agreement was ever reached or entered into between the parties. (*Please See Defendant's Response to Initial Disclosure No.: 3 and the Joint Preliminary Report & Discovery Plan - Defendant's Response to Question 1(b) attached hereto as Exhibit I*).

After more than 125 days of Plaintiff filing his Complaint, on September 3, 2009, the Defendant sent the Plaintiff's attorneys an e-mail indicating the Defendant's intent to file a Motion with the Court to enforce an existing Settlement Agreement regarding this matter.  (*Please See September 3, 2009 e-mail Correspondence from Josie A. Alexander, Esq., to Plaintiff's Attorneys attached hereto as Exhibit G*). On September 9, 2009, the Defendant filed its Motion for Enforcement of Verbal Settlement Agreement.  *(See Doc. No. 17, Defendant's Motion for Enforcement of Verbal Settlement Agreement).*

## II.    ARGUMENT

In order to succeed on a motion to enforce a settlement agreement, a party must show that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the case.  DeRossett Enterprises, Inc. v. General Electric

Capital Corporation, 275 Ga. App. 728 (2005). Oral settlement agreements are enforceable if their existence is established without dispute, but where the very existence of the agreement is disputed, it may only be established by a writing. Walker v. Lewis, 267 Ga. App. 831 (2004) citing Reichard v. Reichard, 262 Ga. 561, 564 (1992). However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice. Brumbelow v. Northern Propane Gas Co., 251 Ga. 674, 676 (1983). No contract exists until all essential terms have been agreed to, and the failure to agree to even one essential term means there is no agreement to be enforced. Id. If there is any essential part of the contract upon which the minds of the parties had not met, or upon which there was no agreement, it must follow that a valid and binding contract was not made. Tekin v. Whiddon, 233 Ga. App. 645, 649 (1998).

This Court should not grant Defendant's *Motion for Enforcement of Verbal Settlement Agreement* because no settlement agreement was reached as the Defendant's purported settlement agreement did not include a confidential provision which was an essential term constituting a counter offer, for which the was no agreement and because the Defendant is guilty of unclean hands.

**A.     NO SETTLEMENT AGREEMENT, VERBAL OR OTHERWISE WAS REACHED BETWEEN THE PARTIES**

A settlement contract did not arise as the parties hereto never entered into a mutual, binding agreement. "Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence. [Cits.]" Smith v. Smith, 36 Ga. 184, 191 (1867). In considering the enforceability of an alleged settlement agreement, however, "a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Herring v. Dunning, 213 Ga.App. 695 (1994). Absent such mutual agreement, there is no enforceable contract as between the parties. Mangum v. Mills, 108 Ga.App. 535 (133 SE2d 429) (1963); Manget v. Carlton, 34 Ga.App. 556(3) (130 SE 604) (1925). For the purposes of this section, Plaintiff will first (1) show that the Defendant has conceded that a settlement agreement was not mutually assented; secondly (2), show that the confidentiality provision was an essential, and thirdly (3), that the failure to include such a term constituted a counter offer in which was not mutually assented to by the parties.

### 1. No Settlement Agreement Ever Existed As Evident By The Defendant's Own Admissions

As a preliminary matter, the Defendant, by its own admission, concedes that the Plaintiff presented a settlement demand but that no agreement was ever reached and/or entered into between the parties. (*Please See Defendant's Response to Initial Disclosure No.: 3 and the Joint Preliminary Report & Discovery Plan - Defendant's Response to Question 1(b) attached hereto as Exhibit I*); (*Please See Affidavit of Scott S. Cohen, Esq. and Thomas C. Sinowski, Esq. attached hereto as Exhibit D and E*). Specifically, in both its Initial Disclosures and the Joint Preliminary Report & Discovery Plan filed with this Court on June 25, 2009 the Defendant states: "after several negotiations regarding the [Plaintiff's] proposed settlement demand, the parties could not reach an agreement." (*Please See Defendant's Response to Initial Disclosure No.: 3 and the Joint Preliminary Report & Discovery Plan - Defendant's Response to Question 1(b) attached hereto as Exhibit I*). Now, more than two (2) months after declaring that the parties could not reach an agreement and more than 125 days after the Plaintiff filed his Complaint, the Defendant suddenly contends that a settlement agreement exists. The Defendant, through its own position taken in this pending litigation has

outright admitted that no settlement agreement was ever reached between the parties. Yet now, in bad faith and in hopes of intimidating the Plaintiff into settlement, the Defendant files its unfounded and unsupported *Motion for Enforcement of Verbal Settlement Agreement*, evidenced by its own contentions.

As such, this Court should Deny the Defendant's Motion because by the Defendant's own declarations and admissions, no settlement agreement was ever reached and/or entered into by and between the parties.

### 2. The Confidentiality Provision was an essential Term to Settling Plaintiff's Dispute with the Defendant

Counsel for the Plaintiff, repeatedly and unequivocally engaged in settlement negotiations, both verbal and written, with the <u>essential condition</u> that any agreement entered into and all supporting facts there from would be subject to a confidentiality provision. (*Please See April 4, 2008 and May 27, 2008 Correspondence from Scott S. Cohen, Esq. to Josie Alexander, Esq. attached hereto as Exhibit G*); (*Please See Affidavit of Scott S. Cohen, Esq. and Thomas C. Sinowski, Esq. attached hereto as Exhibit D and E*). Confidentiality was essential to the Plaintiff because if these damaging documents containing these unfounded allegations were not removed from his personnel file by the Defendant, it was clear

that Plaintiff would not be able to teach again.  (*Please See April 4, 2008 and May 27, 2008 Correspondence from Scott S. Cohen, Esq. to Josie Alexander, Esq. attached hereto as Exhibit G*).  On June 30, 2008, the Defendant e-mailed counsel for the Plaintiff a Settlement Agreement counter offer on July 10, 2008, indicating that said documents did not include the confidentiality provision(s) and to "advise as to any comments concerning the Agreement," in which counsel for Plaintiff immediately did.  (*Please See July 10, 2008 Correspondence from Scott S. Cohen, Esq. to Josie A. Alexander, Esq. attached hereto as Exhibit G*).  The parties continued discussions surrounding this essential provision to the settlement agreement for more than three (3) weeks, after which time no agreement was ever reached by and between the parties.  (*Please See July 30, 2008 Correspondence from Scott S. Cohen, Esq. to Josie A. Alexander, Esq. attached hereto as Exhibit G*).  Clearly no settlement agreement was entered into by the parties, as the Defendant failed to include an essential material term to bind the parties.  Wherefore, the Plaintiff respectfully requests that this Honorable Court deny the *Defendant's Motion for Enforcement of a Verbal Settlement Agreement* because no such agreement between the parties ever existed, as an essential material term

known to the Defendant and made an express condition to any settlement was refused by the Defendant.

### 3. The Defendant's Purported Settlement Agreement Constituted A Counter-Offer to Plaintiff's Initial Offer

A response to an offer will not amount to an acceptance, so as to result in a contract, unless it is *unconditional and identical* with the terms of the offer. Anderson v. Benton, 295 Ga. App. 851, 855 (2009).  To constitute a contract, the offer must be accepted unequivocally and without variance of any sort. Id.  Any purported acceptance of a settlement offer that modifies or otherwise varies the offer is construed as a counteroffer. DeRossett Enterprises, Inc. v. General Electric Capital Corporation, 275 Ga. App. 728, 729 (2005)(emphasis added).

In the instant case, like in Anderson v. Benton, the issue is whether the parties reached a mutual agreement. In Anderson, the Court of Appeals affirmed a trial court's denial of summary judgment, holding that the failure of the parties to agree to identical terms meant that no settlement agreement had been reached. Anderson v. Benton, 295 Ga. App. 851, 855 (2009).  A series of letters were exchanged between attorneys in an attempt to agree on terms for a settlement.  Id. After one party filed suit, the other party filed a motion to enforce settlement,

arguing that the parties had agreed to a settlement in principle and only needed to determine the scope of the release.  Id.  The court rejected the motion and ruled that a change in terms proposed had been a counteroffer.  Id.

Similarly, in the present case the Plaintiff's settlement demand offer(s), unequivocally and expressly stated that the offer of settlement was conditioned upon the inclusion of a confidentiality provision.  (*Please See April 4, 2008 and May 27, 2008 Correspondence from Scott S. Cohen, Esq. to Josie Alexander, Esq. attached hereto as Exhibit G*); (*Please See Affidavit of Scott S. Cohen, Esq. and Thomas C. Sinowski, Esq. attached hereto as Exhibit D and  E*). Thus, when the Defendant sent a Settlement Agreement and Release without the inclusion of the confidentiality provision it did not constitute an acceptance; rather, it constituted as a rejection and counteroffer to Plaintiff's settlement offer, as it altered the Plaintiff's offer by failing to provide a confidentiality provision as the Plaintiff expressly made a condition to any settlement. (*Id.*); (Pl*ease See Settlement Agreement and Release attached hereto as Exhibit H*). DeRossett Enterprises, 275 Ga. App. at 729; Anderson , 295 Ga. App. at 855. Although the Defendant argues that this is a non-essential term to be worked on, not only is this a blatant misrepresentation of Plaintiff's unequivocal and unambiguous offer of settlement

14

terms, like the Court in Anderson, this Court should reject the Defendant's argument because a change in provisions results in a counteroffer. Id.

Moreover, no Settlement Agreement was ever reached and/or entered into since the Plaintiff clearly rejected the Defendant's counteroffer as counsel for the Plaintiff specifically indicated to counsel for the Defendant via e-mail that this term was not acceptable. (*Please See July 10, 2008 E-Mail Correspondence from Scott S. Cohen, Esq. to Josie A. Alexander, Esq. attached hereto as Exhibit G*). Additionally, as evidenced by the parties' conduct of ongoing negotiation and correspondence regarding this issue, it is clear that no mutual binding agreement was ever entered into as neither party ever accepted the entirety of the terms proposed by the other party.  The correspondence between the parties in this case not only reflects a series of offers and counteroffers without any communication of an unconditional acceptance of an offer, but also demonstrates the incomplete nature of the negotiations.  Accordingly, there is not settlement agreement to be enforced.

As such, because the Defendant rejected the terms of the Plaintiff's settlement offer by sending a Settlement Agreement and Release varying the terms of Plaintiff's original offer the Defendant counter offered to which the Plaintiff

flatly rejected.  As such, the Plaintiff respectfully requests that this Honorable Court Deny the Defendant's *Motion for Enforcement of Verbal Settlement Agreement*.

**B. <u>DUE TO DEFENDANT'S MISRESENTATION, THIS COURT CANNOT GRANT DEFENDANT'S RELIEF BECAUSE DEFENDANT HAS UNCLEAN HANDS</u>**

Under <u>OCGA § 23-1-10</u>: "He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." <u>O.C.G.A. § 23-1-10</u> (West 2009).  Moreover, the Unclean hands doctrine bars litigant from seeking equitable relief when misconduct relates directly to transaction concerning which relief is sought). <u>Sparks v. Sparks</u>, 256 Ga. 788, (1987).

The Defendant made numerous misrepresentations that it could not provide confidentiality to the Plaintiff because it was "illegal."  (*Please See July 10, 2008 Correspondence between Scott S. Cohen, Esq. and Josie A. Alexander, Esq. attached hereto as Exhibit G*).  However not only was this statement a misrepresentation of law, it was a misrepresentation of fact as Defendant had signed numerous settlement agreement confidentiality provision with employees in the same and similar situations.  For example, in the case of <u>Mattye Hulin v.</u>

16

DeKalb County School District, a teacher settled with the Defendant DeKalb County School District which terms included the removal damaging documents from her personnel file in return for a release, the very provision the Defendant presently contends was "illegal.". (*Please See* Mattye Hulin v. DeKalb County School District*, attached hereto as Exhibit J*). However, the DeKalb County court found that when Defendant failed to remove the documents from her personnel file, not only was the contract enforceable, but such action constituted active breach. Id. Clearly, the Defendant's misrepresentation in the present matter that it would be "illegal" for it to settle with the Plaintiff pursuant to a confidentiality provision is a blatant misrepresentation constitutes unclearn hands and prevents Defendant from seeking equitable relief.

As such, the Plaintiff respectfully requests that this Honorable Court deny the Defendant's *Motion for Enforcement of a Verbal Settlement Agreement*.

### III.  CONCLUSION

In conclusion, because no settlement agreement was reached as the Defendant's purported settlement agreement did not include a confidential provision which was an essential term and therefore constituting a counter offer and because the Defendant is guilty of unclean hands, this Court should deny

Defendant's *Motion for Enforcement of Verbal Settlement*. As such, Plaintiff requests that this Honorable Court Deny the Defendant's *Motion for Enforcement of Verbal Settlement*, as the Defendant's Motion is unsupported both in fact and law.

Respectfully submitted, this 28th day of September, 2009.

**FREEDMAN & SINOWSKI,**
A PROFESSIONAL CORPORATION


*/s/ Thomas C. Sinowski*
Thomas C. Sinowski
Georgia Bar No. 649126

*/s/ Scott S. Cohen*
Scott S. Cohen
Georgia Bar No. 888269

*/s/ Miguel Garcia*
Miguel Garcia
Georgia Bar No. 283742

Attorneys For Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA – ATLANTA DIVISION

| | |
|---|---|
| MARVIN WILLIAM COHEN ) | |
| ) | CIVIL ACTION NO: |
| Plaintiff ) | |
| ) | 1: 09-CV-1153-WSD |
| v. ) | |
| ) | |
| DEKALB COUNTY SCHOOL DISTRICT ) | |
| ) | |
| Defendant ) | |
| ) | |

**CERTIFICATE OF SERVICE**

COMES NOW the Plaintiff, pursuant to Local Rule 7.1 of the Northern District of Georgia, hereby notifies the Court that the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR ENFORCEMENT OF VERBAL SETTLEMENT AGREEMENT** was served with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney(s) of record:

Josie A. Alexander
Alexander & Associates
1020 Edgewood Avenue, N.E.
Atlanta, GA 30307

19

AandA@alexfirm.com

This 28th day of September, 2009.

                Respectfully Submitted,

                */s/ Thomas C. Sinowski*
                Thomas C. Sinowski
                Georgia Bar No. 649126

                */s/ Scott S. Cohen*
                Scott S. Cohen
                Georgia Bar No. 888269

                */s/ Miguel Garcia*
                Miguel Garcia
                Georgia Bar No. 283742

                Attorneys For Plaintiff