# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MARVIN WILLIAM COHEN,

        Plaintiff,

v.

DEKALB COUNTY SCHOOL DISTRICT,

        Defendant.

1:09-cv-1153-WSD

## OPINION AND ORDER

This matter is before the Court on LaTara Tankersley-Jones and the Solicitor General of the State Court of DeKalb County's Motion to Quash Subpoena [31] and Motion for a Protective Order [32].

**I.    BACKGROUND**

This is a civil rights action brought by Plaintiff Marvin William Cohen ("Plaintiff" or "Cohen"), a public school teacher, against Defendant DeKalb County School District ("Defendant" or "the School District") for allegedly terminating his employment in violation of his contract and without providing a pre- or post-termination hearing.

The School District contends that Cohen was terminated for incompetence, insubordination, and other good cause. Cohen claims he was unjustly terminated

after he intervened to break up a fight between two students on September 27, 2007. According to Cohen, the School District contacted the parents of one of the children involved in the fight and "convinced" them to swear a warrant for Cohen's arrest for assault and battery. In October 2007, a probable cause hearing was held before Judge Edward E. Carriere, Jr., of the DeKalb County Superior Court. Cohen claims at the hearing, the parents testified that their child was not hurt and that Defendant misled them into bringing charges against Cohen.[1] Judge Carriere found that no probable cause existed for allegations of battery or assault and dismissed the charges. Cohen represents that on December 13, 2007, Defendant then contacted the DeKalb County Solicitor-General's Office and alleged simple assault and simple battery charges against Cohen.

On April 30, 2009, Cohen filed his Complaint in this action, alleging the School District breached his employment contract and violated his civil rights by terminating his employment without providing a pre- or post-termination hearing.

On September 16, 2009, Investigator-Witness LaTara Tankersley-Jones ("Tankersley-Jones") signed an affidavit presenting the facts she had gathered regarding Cohen's interactions with and disciplining of his students. Tankersley-

---

[1] Cohen argues that the School District wanted to make an example of him so that teachers would contact the children's parents before imposing discipline.

Jones concluded that the facts tended to establish probable cause that a crime had been committed.  On September 19, 2009, Cohen was served with a Notice of Indictment charging him with battery.  On October 16, 2009, Cohen served Tankersley-Jones with a subpoena to testify at a deposition in connection with Cohen's civil action in this Court against the School District.  The subpoena further commanded Tankersley-Jones to produce "[a]ny and all affidavits signed by you in bringing forth criminal charges against any public educator(s)."

Tankersley-Jones moves to quash the subpoena and moves for a protective order, arguing that as an investigator in a criminal proceeding against Cohen, she is not subject to civil discovery in Cohen's lawsuit against the School District.

## II.  DISCUSSION

Tankersley-Jones argues that Cohen should not be permitted to depose a criminal investigator assisting in Cohen's on-going prosecution.  She states that the criminal investigation is at an early stage and that allowing Cohen to take her deposition would permit his lawyers to depose an investigator in his criminal case while that case is proceeding, improperly expanding the discovery available to a criminal defendant.[2]

---

[2] Tankersley-Jones also argues that Cohen failed to tender the proper witness and mileage fees with the subpoena.  Cohen argues he has corrected this deficiency.

Cohen, citing SEC v. Dresser Industries, Inc., 628 F.2d 1368 (D.C. Cir. 1980), argues that civil and criminal proceedings frequently overlap and, absent substantial prejudice to the rights of the parties involved, he is entitled to discovery. Cohen also argues that his request for documents is not unduly burdensome.

Dresser is instructive. That court acknowledged that parallel criminal and civil cases may proceed, but stated that where conflicts arise between the two, the civil case ought to be stayed until the criminal case is completed. Furthermore, a criminal defendant "is not allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962).

The Court concludes that Cohen's subpoena should be quashed. Any information Tankersley-Jones has that is relevant to Cohen's civil action, she gathered in the course of her own investigation. There is no reason to conclude, on the record before the Court, that Tankersley-Jones has any independent information that Cohen is unable to obtain from other sources. Civil discovery allows Cohen to obtain the same information through his own investigation; he

---

Because the Court concludes the subpoena is required to be quashed, this issue is moot.

may depose the same witnesses that Tankersley-Jones interviewed. Cohen has not demonstrated a compelling need to depose Tankersley-Jones or for any discovery from Solicitor General of the State Court of DeKalb County. In light of the on-going criminal investigation, the Court necessarily concludes it would be improper to permit Cohen unfettered civil discovery from those investigating him.

If, however, Cohen believes that his civil case would be prejudiced absent discovery from Tankersley-Jones or the Solicitor General of the State Court of DeKalb County, Cohen may move the Court to stay this action until the criminal proceeding is complete.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that LaTara Tankersley-Jones and the Solicitor General of the State Court of DeKalb County's Motion to Quash Subpoena [31] and Motion for a Protective Order [32] are **GRANTED**.

**SO ORDERED** this 25th day of November, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE