# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MARVIN WILLIAM COHEN,

                **Plaintiff,**

     **v.**

DEKALB COUNTY SCHOOL
DISTRICT,

                **Defendant.**

                        **1:09-cv-1153-WSD**

## OPINION AND ORDER

This matter is before the Court on Defendant DeKalb County School District's ("Defendant" or "the School District") Motion for Enforcement of Verbal Settlement Agreement [17], Motion to Stay [18], and Motion to Quash the Notice of Deposition and Motion for a Protective Order [19], on Plaintiff Marvin William Cohen's ("Plaintiff" or "Cohen") Motion to Strike the Affidavit of Ronald B. Ramsey, Sr. [25] and [27] and Motion to Strike the Affidavit of Tekshia M. Ward-Smith [26], on Defendant's Motion to Strike Plaintiff's Brief in Opposition to Defendant's Motion for Enforcement of Verbal Settlement Agreement [28], Motion to Quash the Subpoenas to Testify at a Deposition for Ronald Ramsey, Rosemary Malone and LaTara Tankersley-Jones and Motion for a Protective Order [33], and on Plaintiff's Cross-Motion to Compel Attendance [41].

# I.     BACKGROUND

This is a civil rights action brought by Cohen, a public school teacher, against the School District that terminated his employment, allegedly in violation of his contract and without providing a pre- or post-termination hearing.  On April 30, 2009, Plaintiff filed his Complaint, and Defendant filed its Answer on May 26, 2009.  Defendant now moves to enforce a verbal settlement agreement that the parties allegedly reached on June 30, 2008.

Plaintiff's employment with the School District began in August 2007.  On September 27, 2007, Plaintiff claims he intervened to break up a fight between two students and used a technique he learned in a continuing education class, whereby "the aggressor is taken by the arm, turned on the center of gravity, and gently placed against the wall, so as to protect both students from additional strikes upon each other."  Pl.'s Br. in Opp. 2.  On October 27, 2007, Defendant placed Cohen on temporary leave and removed him from the classroom, and, according to Cohen, on December 1, 2007, terminated his pay and suspended his benefits.  Id. at 3.[1]  Plaintiff contends his discharge resulted from the September 27, 2007 incident.  The School District contends that Cohen was terminated for incompetence,

_____

[1] The School District disputes the date when Cohen's pay and benefits were terminated.

insubordination, and other good cause. Def.'s Br. in Supp. of its Mot. to Enforce

2. The School District asserts that Cohen once "reprimanded a student in a loud

and harsh voice," once "placed his hand on the student's shoulder" and applied

pressure, and, on another occasion, "grabbed a student by the arm and . . . pushed

him against the wall." Id. Defendant also points to Cohen's alleged incompetence:

Cohen began his second grade reading class by directing students to turn to a story,

but failed to tell them what page the story was on. Id. at 2-3.[2]

On February 27, 2008, the School District issued Cohen a Notice of Charges

and Hearing, which stated that a hearing to determine the facts regarding Cohen's

alleged actions would be held on March 14, 2008. Defendant contends that Cohen

requested a continuance of the hearing for health reasons.[3] Def.'s Br. at 3.

After the School District granted Cohen's request for a continuance of the

March 14, 2008, hearing, the parties entered into settlement discussions. Plaintiff

states he was "willing to accept a reduced lost wage claim in return for

confidentiality regarding the allegation so that Plaintiff could move on and find

future employment with other school districts as a teacher." Pl.'s Br. 4. Defendant

---

[2] This is the single example of "incompetence" the School District elected to highlight in its brief to the Court. One hopes this is merely an instance of poor advocacy, and that other, more compelling examples could have been cited.

[3] Defendant asserts that Plaintiff failed to request another hearing date before filing this action. Def.'s Br. at 3

represents that on June 30, 2008, counsel for the parties reached a verbal settlement agreement, which provided that Cohen would receive: 1) $8,487.98, representing certain monies withheld from Cohen's paychecks, and 2) $4,743.45, representing back pay and damages for alleged emotional distress. Def.'s Br. at 4. Defendant contends that, in reliance on the verbal agreement, the School District made two payments to Cohen in July and August of 2008, totaling $8,487.98 and representing certain monies withheld from Cohen's paychecks. Id. at 5. On July 10, 2008, counsel for Defendant reduced the alleged verbal agreement to writing and sent it to Plaintiff's counsel. Id. Plaintiff refused to sign the document, noting that it did not include the confidentiality provision, which Plaintiff asserts was, to him, an essential condition of any settlement. Pl.'s Br. 5. Plaintiff argues that no agreement was reached because there was no meeting of the minds on this essential term. Defendant argues that the confidentiality provision is a non-essential term and the verbal settlement agreement is an enforceable contract, requiring this action to be dismissed.[4]

---

[4] Defendant filed its motion to enforce the settlement agreement on September 9, 2009, or more than a year after the agreement allegedly was reached and more than 125 days after Plaintiff filed his Complaint.

## II.     DISCUSSION

A.     <u>Motions to Strike</u>

The Court first addresses both parties' various motions to strike certain affidavits and briefs filed in connection with Defendant's Motion For Enforcement of the Verbal Settlement Agreement ("the Motion to Enforce").  These motions to strike are improper.  Motions to strike are governed by Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The rule applies to *pleadings*, not to motions or briefs filed in support of motions.  <u>See</u> <u>Lentz v. Hospitality Staffing Solutions, LLC</u>, 2008 WL 269607, at *9 (N.D. Ga. Jan. 28, 2008) (noting that Federal Rule of Civil Procedure 12(f) permits the court to strike a pleading, not an affidavit attached to a motion for summary judgment); <u>see also</u> <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983); <u>Sauls v. Bristol-Meyers Co.</u>, 462 F. Supp. 887, 888 n.1 (S.D.N.Y. 1978).  <u>See also</u> Fed. R. Civ. P. 7 (distinguishing between pleadings and motions).

The parties' motions to strike contain evidentiary objections to affidavits and contentions that certain filings were untimely.  In essence, these motions argue to the Court that certain facts and arguments should not receive consideration in

ruling on the Motion to Enforce. Such argument should be presented in the parties' response and reply briefs to that motion, not in an unnecessary and improper flurry of "motions to strike," filed with an eye toward circumventing the page limitations on briefs. The Court now turns to the substance of these motions.

Cohen moves, twice, to strike the affidavit of Ronald B. Ramsey, Sr., which was an exhibit to Defendant's Motion to Enforce. Ramsey, the Director of the Office of Internal Affairs for the DeKalb County School District, states that, in reliance on a verbal agreement reached by the parties in this action, he directed his staff to make a payment of $8,487.98 to Cohen. Ramsey Aff. ¶¶ 3, 4. Ramsey also states that this payment represented the summer monies withheld from Cohen's paychecks. Cohen objects that certain of Ramsey's statements are not based on personal knowledge. Defendant responds that Ramsey's statements are based on his knowledge as Director of Internal Affairs and that Cohen's motion to strike is untimely. Cohen's Response to the Motion to Enforce was due on September 28, 2009, and in fact, on that date, Cohen filed his brief. Cohen's "motion to strike," however, was filed on October 16, 2009. The Court concludes that, in addition to being an improper motion to strike, Cohen's motion is untimely. Litigants may

not, after the deadline for Response, continue to raise arguments in opposition to a motion.[5]

Cohen also moves to strike the affidavit of Tekshia M. Ward-Smith, which was attached as an exhibit to Defendant's Reply brief in support of the Motion to Enforce. Ward-Smith, Director of Staff Services for the DeKalb County School District, testifies about monies paid to Cohen. Cohen contends that Defendant failed to disclose Ward-Smith, pursuant to Federal Rule of Civil Procedure 26(a), as an individual likely to have discoverable information, and that the Court should not consider her testimony. Defendant responds that Ward-Smith was identified as an individual who helped prepare Defendant's interrogatory responses, which dealt, in part, with Cohen's pay history and, accordingly, Cohen had sufficient notice that Ward-Smith was a potential witness in this case.[6] Having reviewed Ward-Smith's affidavit, the Court concludes that it does not bear on the question

_____

[5] The Court, having reviewed Mr. Ramsey's affidavit, also concludes that his statements are based on his personal knowledge and that Cohen's objections are without merit.

[6] Defendant also argues that it believed discovery in this action had been stayed, excusing it from supplementing its Rule 26 disclosures. Defendant filed a motion to stay discovery pending the Court's ruling on the Motion to Enforce. Although the motion to stay was not granted, Defendant evidently felt relieved of its discovery obligations.

presented by the Motion to Enforce, that is, whether the parties entered into an enforceable verbal settlement agreement. Cohen's motion to strike is denied.

Not to be outdone, Defendant initially moved to strike, in its entirety, Cohen's brief filed in opposition to the Motion to Enforce, arguing the brief was two days late. Apparently after being instructed by Cohen on the application of Federal Rule of Civil Procedure 6(a), which extends a period of time that would otherwise end on a Saturday, Sunday or a legal holiday, Defendant filed a notice of withdrawal, indicating that the Court should strike only certain portions of certain affidavits attached to the brief, specifically those statements that are based on hearsay or that are otherwise outside the personal knowledge of the affiant. Having reviewed the statements to which Defendant objects, the Court concludes that none of them informs the Court's consideration of whether the parties entered into an enforceable verbal settlement agreement. Defendant's motion to strike is denied.

B.      Motion to Enforce the Verbal Settlement Agreement

        1.      *Standard of Review*

The Court uses the applicable state's contract law to construe and enforce settlement agreements. Vinnett v. Gen. Elec. Co., 271 Fed. App'x 908, 912 (11th Cir. 2008). The parties agree that Georgia law controls in this case. Under

Georgia law, a motion to enforce a settlement agreement is evaluated under the standards similar to a motion for summary judgment. <u>Ballard v. Williams</u>, 476 S.E.2d 783, 784 (Ga. Ct. App. 1996). "To prevail, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [plaintiff's] case." <u>Walls v. Walls</u>, 580 S.E.2d 564, 566 (Ga. Ct. App. 2003) (internal quotation marks omitted). The party seeking judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999); <u>Smith v. Gordon</u>, 598 S.E.2d 92, 93 (Ga. Ct. App. 2004). The Court must draw all disputed factual inferences in the light most favorable to the non-moving party. <u>Vinnett</u>, 271 Fed. App'x at 912; <u>Scott v. Harris</u>, 127 S. Ct. 1769, 1776 (2007); <u>Smith</u>, 598 S.E.2d at 93. Once the moving party has met its burden, the non-movant must demonstrate that judgment is inappropriate by designating specific facts showing a genuine issue for trial. <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1282 (11th Cir. 1999). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." <u>Id.</u> "If the record presents factual issues, the court must not

decide them; it must deny the motion and proceed to trial." <u>Herzog</u>, 193 F.3d at 1246.

2. *Governing Law*

Under Georgia law, an agreement for settlement and compromise of a pending lawsuit must meet the same formation and enforceability requirements as any other contract. <u>Blum v. Morgan Guar. Trust Co. of New York</u>, 709 F.2d 1463, 1467 (11th Cir. 1983). The required elements of a contract under Georgia law are (1) parties that are able to contract; (2) consideration; (3) mutual assent of terms; and (4) subject matter of the contract. O.C.G.A. § 13-3-1.

"[I]t is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." <u>S. Med. Corp. v. Liberty Mut. Ins. Co.</u>, 454 S.E.2d 180, 182 (Ga. Ct. App. 1995); <u>accord</u> <u>Dodson v. Kern</u>, 221 S.E.2d 693, 696 (Ga. Ct. App. 1975). The formation of a contract also depends on both an offer and an acceptance of the contract's terms. A response to an offer "will not amount to an acceptance, so as to result in a contract, unless it is unconditional and identical with the terms of the offer. <u>Anderson v. Benton</u>, 295 Ga. App. 851, 855 (2009). "To constitute a contract, the offer must be accepted unequivocally and without variance of any sort." <u>Id.</u> Any purported acceptance of a settlement offer that

modifies or otherwise varies the offer is construed as a counteroffer.  Id.  See also

DeRossett Enterprises, Inc. v. General Electric Capital Corporation, 275 Ga. App.

728, 729 (2005).

A valid and binding contract does not exist unless there is a meeting of the

minds on all essential terms.  "[I]f there was in fact any essential part of the

contract upon which the minds of the parties had not met, or upon which there was

not an agreement . . . it must follow that a valid and binding contract was not

made."  BellSouth Advertising, etc., Corp. v. McCollum, 209 Ga. App. 441, 445

(1993).

Georgia law provides that for an oral settlement agreement to be valid, it

must be "*definite, certain and unambiguous*."  Poulos v. Home Fed. Savings &

Loan Assoc., 385 S.E.2d 135, 136 (Ga. Ct. App. 1989) (emphasis in original).  For

oral agreements to be binding, they must be full and complete, cover all issues, and

be understood by the parties concerned.  Id.  An "agreement to agree" is not itself a

binding contract.  Id. at 137 ("An agreement to reach an agreement is a

contradiction in terms and imposes no obligation on the parties thereto.") (internal

quotation marks omitted).

3. *Analysis*

     i. <u>Whether a confidentiality provision was an essential term</u>

Defendant states the parties began settlement negotiations in or about March 2008 and that during March and April, 2008, the parties' counsel participated in multiple telephone conferences regarding settlement. On June 30, 2008, Defendant contends, the parties' counsel entered into a verbal settlement agreement, which provided that Cohen would receive: 1) $8,487.98, representing certain monies withheld from Cohen's paychecks, and 2) $4,743.45, representing back pay and damages for alleged emotional distress. Defendant relies on the affidavit of Defendant's counsel to support the existence of this verbal agreement. <u>See</u> Alexander Aff. ¶ 6.

Cohen argues that the parties never entered into a binding settlement agreement because there was no meeting of the minds on an essential contract term, namely, a confidentiality provision. Cohen claims he was willing to agree to a reduced lost-wage amount in return for confidentiality regarding his separation from the School District, and states that such confidentially was necessary so that he could find future employment with other school districts as a teacher. Any potential settlement, Cohen contends, was strictly conditioned upon a confidentiality provision. Pl.'s Br. 4-7. On July 10, 2008, when Defendant's

counsel forwarded to Cohen's counsel a settlement contract, Cohen declined to execute the document because it did not include an acceptable confidentiality provision.

Relying on <u>Thomas v. Phillips</u>, 240 Ga. App. 600 (Ga. Ct. App. 1999), Defendant argues that confidentiality is not an essential term of a settlement agreement. Def.'s Br. 15. In <u>Thomas</u>, the parties verbally agreed on settlement and exchanged drafts of the agreement, but could not agree on the issues of non-disparagement or confidentiality. Holding that the parties had entered into a binding agreement, the <u>Thomas</u> court reasoned that parties can "enter into a final settlement . . . without addressing non-disparagement and confidentiality issues, because these issues are not essential terms of a settlement agreement." 240 Ga. App. at 603.

<u>Thomas</u>, however, does not stand for the proposition that a confidentiality provision can *never* be an essential term to a settlement agreement. In <u>Sheng v. Starkey Laboratories, Inc.</u>, 117 F.3d 1081 (8th Cir. 1997), a case cited by Defendant in its Reply, the court affirmed the legal conclusion that the parties had a binding agreement on all material issues because the deal did not "hinge" on the "wording of clauses regarding confidentiality, disclaimers and the release of

liability." 117 F.3d at 1083.  <u>Sheng</u> does not address a situation where the contract did "hinge" on the wording of a confidentiality provision.

Any particular contract provision, essential or material to the parties, can be an essential term of the contract.  In <u>Morrison v. Trust Co. Bank</u>, 229 Ga. App. 145 (1997), the court concluded that a provision for inspection of the bank's books and records was a material provision.  The court noted "[t]his is not a case where an additional term or condition finds its way into a contract without prior discussion between the parties, leaving for debate whether either party would have cared about the additional term had they discussed it."  229 Ga. App. at 147-48.  On two separate occasions the bank had removed the inspection provision from the proposed contract and the other party left the term in.  <u>Id.</u>  Without a meeting of the minds on this essential term, the court held there was no enforceable contract.  <u>Id.</u>

The record before the Court in this action indicates that at least twice before June 30, 2008, Cohen offered to settle his claims against Defendant, both times indicating that his offer was subject to a confidentiality provision.   Letters from Cohen's counsel to Defendant's counsel, dated April 4, and May 27, 2008, which presented Cohen's settlement offer, explicitly state "[o]bviously, any agreement entered into and all supporting facts there from [sic] would be subject to a

confidentiality agreement, except for general information, such as employment dates, addresses and salary verification." Pl.'s Ex. G.

The record also indicates that after Defendant sent Cohen a written settlement agreement on July 10, 2008, Cohen objected to the lack of a confidentiality provision and continued to negotiate for one. Email correspondence between the parties' lawyers, dated between July 10 and 16, 2008, addresses in significant detail the application of the Georgia Open Records Act, O.C.G.A. § 50-18-70, and whether the School District could legally keep confidential certain matters pertaining to Cohen's separation. See Pl.'s Ex. G. In a letter dated July 30, 2008, Cohen's counsel proposes a detailed confidentiality provision, evidently designed to comply with the School District's understanding of the Georgia Open Records Act.[7] See id.

Defendant essentially asks the Court to conclude, on the record here, that although Cohen included a confidentiality provision in his initial written settlement offers before June 30, 2008, and insisted upon it in all written communications after June 30, 2008, that during one telephone conversation on that particular date, Cohen's counsel abandoned his client's desire for confidentiality and nonetheless agreed to settle all claims against Defendant for a substantially reduced amount.

---

[7] Defendant rejected this offer.

The Court declines to do so. Cohen stated in writing on at least two occasions before the alleged verbal agreement on June 30, 2008, that his settlement offer included confidentiality provision. Correspondence after that date certainly indicates that Cohen considered confidentiality to be essential to his willingness to settle his claims against the School District. In light of his belief that, absent a confidentiality agreement, he would be unable to find employment as a teacher, it is not at all surprising that Cohen would consider such a term to be essential, and Defendant surely understood this. See Terry Hunt Const. Co., Inc. v. AON Risk Services, Inc., 272 Ga. App. 547, 551 (2005) ("In determining whether there was a mutual assent, courts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent, or that meaning which the other contracting party knew the first party ascribed to his manifestations of assent.") Defendant cannot claim it was unaware of Cohen's desire for confidentiality or that it would be unreasonable for someone in his position to consider confidentiality material to the settlement.[8] This, too, "is not a

---

[8] Defendant also urges that because Cohen only objected to the lack of a confidentiality provision, and not to the settlement amount, Cohen implicitly assented to the monetary terms of the settlement. Def.'s Br. 12. This argument is unpersuasive. Cohen contends that his assent to the monetary terms was conditional on the inclusion of a confidentiality term.

case where an additional term or condition finds its way into a contract without prior discussion between the parties, leaving for debate whether either party would have cared about the additional term had they discussed it." Morrison, 229 Ga. App. at 147-48.

Drawing all inferences in favor of Cohen, as the Court is required to do on a motion to enforce a settlement agreement, Vinnett, 271 Fed. App'x at 912, the Court cannot conclude that a confidentiality provision was not an essential term. See also Legg v. Stovall Tire & Marine, 245 Ga. App. 594, 596 (2000) ("the circumstances surrounding the making of the contract, such as correspondence and discussions, are relevant in deciding if there was a mutual assent to an agreement. Where such extrinsic evidence exists and is disputed, the question of whether a party has assented to the contract is generally a matter for the jury.")

The Court concludes that Defendant has not met its burden to demonstrate there was a meeting of the minds between the parties on July 30, 2008, on all essential contract terms.[9] Defendant thus has not established the existence of a valid and enforceable verbal settlement contract. BellSouth, 209 Ga. App. at 445.

---

[9] The record also indicates that the parties' continued negotiation did not result in a valid contract. The communications between the parties' counsel include a series of offers and counter-offers, none of which were agreed to by both parties, unconditionally and identically such that a contract was formed. Anderson v. Benton, 295 Ga. App. at 855.

With disputed facts at issue, Defendant's motion to enforce the alleged verbal

settlement agreement is required to be denied.  Walls, 580 S.E.2d at 566.

ii.     The School District's partial performance

Defendant next argues that its partial performance is evidence of mutual

assent to the terms of the alleged verbal agreement.  The School District contends

it made two (2) payments to Cohen in July and August, 2008.  The record,

however, clearly indicates that Cohen objected to the lack of a confidentiality

agreement at least as early as July 10, 2008, when Defendant's counsel forwarded

the document purporting to memorialize the verbal agreement.  The School

District's partial performance, at a time when Cohen continued to maintain

objections that a contract had not been formed, is not compelling evidence of

mutual assent.[10, 11]

---

[10] It is also not clear from the record before the Court what these payments
represent.  Both parties indicate that they are "summer monies" withheld from
Cohen's paycheck.  It is unclear why this amount was withheld, whether such
withholding was legitimate, and whether the School District was already legally
obligated to refund these amounts to Cohen, independent of the outcome of this
action or any settlement.  The Court cannot conclude, on the record before it, that
the School District's payments in July and August 2008 indicate the parties had
mutually agreed to a settlement contract.

[11] The School District contends that, by failing to respond to this argument in his
Reply, Cohen "abandoned" his right to object to Defendant's claim that its partial
payments are conclusive evidence of mutual assent.  Finding Defendant's
payments do not conclusively demonstrate mutual assent, the Court need not reach

C.     <u>Motions to Stay Discovery</u>

On September 9, 2009, Defendant filed a motion to stay discovery pending the Court's ruling on its Motion to Enforce.  On the same day, Defendant moved to quash a notice of deposition for Ronald Ramsey and moved for a protective order. Defendant argued that the Motion to Enforce, if granted, would dispose of this action and that it was economical to stay all discovery pending the Court's resolution of that motion.  Cohen did not respond to Defendant's discovery motions.  Although the Court did not stay discovery or grant Defendant's motions, Defendant, treating the motions as unopposed, concluded it was relieved of its discovery obligations.  As noted above, Defendant failed to supplement its disclosures under Rule 26 and, evidently, also instructed witnesses not to appear for scheduled depositions.  As a result of Defendant's unilateral action, discovery in this action, scheduled to conclude on October 23, 2009, must now be extended until January 22, 2010.

Having denied Defendant's Motion to Enforce, the Court denies as moot Defendant's motion to stay discovery, two (2) motions to quash the notice of

---

Defendant's "abandonment" argument.  While it is unclear what precisely these payments in July and August 2008 were for, if they were contemplated to be made if a settlement was reached, it seems Plaintiff needs to remit these funds back to Defendant.

deposition for Ronald Ramsey and for a protective order, and motion to quash the notice of deposition of Rosemary Malone.[12]

Cohen moves to compel the attendance at a deposition of Ronald Ramsey, Rosemary Malone, and LaTara Tankersley-Jones. As discussed in a separate Order, Cohen may not depose LaTara Tankersley-Jones, and his motion to compel with respect to her is denied. With respect to Ramsey and Malone, the Court does not believe an order to compel attendance is necessary, now that Defendant's motion to stay discovery and motions to quash the subpoenas served on those individuals have been denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant DeKalb County School District's Motion for Enforcement of Verbal Settlement Agreement [17] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay [18] is **DENIED AS MOOT**. In light of Defendant's failure to comply with its

---

[12] In a separate Order, the Court granted LaTara Tankersely-Jones' motion to quash the subpoena served upon her. Defendant's motion to quash that subpoena is denied as moot.

discovery obligations, the discovery period in this action is extended until January, 22, 2010.

**IT IS FURTHER ORDERED** that Defendant' Motion to Quash the Notice of Deposition and Motion for a Protective Order [19] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Marvin William Cohen's Motion to Strike the Affidavit of Ronald B. Ramsey, Sr. [25] and [27] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike the Affidavit of Tekshia M. Ward-Smith [26] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Brief in Opposition to Defendant's Motion for Enforcement of Verbal Settlement Agreement [28] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash the Subpoenas to Testify at a Deposition for Ronald Ramsey, Rosemary Malone and LaTara Tankersley-Jones and Motion for a Protective Order [33] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion to Compel Attendance [41] is **DENIED**.

**SO ORDERED** this 25th day of November, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE