IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARVIN WILLIAM COHEN,

                Plaintiff,

v.                                  1:09-cv-1153-WSD

DEKALB COUNTY SCHOOL
DISTRICT,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Marvin William Cohen's ("Plaintiff") Opposition to Defendants [sic] Bill of Costs ("Plaintiff's Objections") [159].

## I.    BACKGROUND

On June 26, 2012, judgment was entered in favor of the DeKalb County School District ("Defendant") and the Clerk of Court ordered that Defendant recover its costs against Plaintiff under 28 U.S.C. § 1920 [157]. Defendant filed its Bill of Costs [158] on July 26, 2012. The Bill of Costs included:

    a. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: $2,132.72;

    b. Fees and disbursements for printing: $81.71; and,

>    c. Fees for exemplification and cost of making copies where the copies are necessarily obtained for use in the case:  $101.73.

The total fees claimed were $2,316.16.

Plaintiff challenges Defendant's Bill of Costs because it "does not 'specifically designate or itemize' what transcripts or copies for which it is seeking taxation."  (Pl.'s Obj. at 1).  Plaintiff objects further to the costs claimed because "Defendant fail[ed] to attach any invoices; itemizations; nor does it identify which transcripts it is seeking taxation [sic]" and Defendant failed to show that the depositions for which transcript costs are requested were for depositions that were "necessarily obtained for us in the case," noting that the depositions were not "received in evidence."  (Id. at 2).  Plaintiff next contends that that cost of the transcription of depositions of  "the prevailing party," here the Defendant, are not recoverable, citing Jamison v. Cooper, 111 F.R.D. 350, 351 (N.D. Ga. 1986) as authority.  Defendant filed its Response to Plaintiff's Objection to Bill of Costs, to which it attached invoices for the costs for which it filed for payment, and responded to Plaintiff's argument that costs related to depositions of Defendant's witnesses are precluded as a reimbursable cost.

**II.   DISCUSSION**

    A.   <u>Standard on award of costs to the prevailing party</u>

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, unless the Court orders otherwise, that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The costs permitted to be taxed against an opposing party are listed in 28 U.S.C. § 1920 and include: (1) fees of the clerk and marshal; (2) court reporter fees for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of any materials necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court-appointed experts. Categories 1, 2, 3 and 4 are at issue here. Whether to award allowable costs and in what amount is a matter within the Court's discretion. 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2668 (3d ed. 1998). The Court has reviewed Plaintiff's challenges to the costs assessed against him and considers these challenges separately below.

    B.   <u>Transcription reimbursement</u>

Defendant has represented that the deposition transcripts for which reimbursement is requested were depositions of Plaintiff's witnesses, and a copy of the transcript of the defense witnesses to support Defendant's motions for

3

summary judgment.  The depositions of a non-prevailing party's witnesses is generally an allowable cost and the depositions and transcription costs for the prevailing party's witnesses are allowed, in the Court's discretion, especially as they are used to support a dispositive motion.  EEOC v. W&O, Inc., 213 F.3d 600, 620-21 (11th Cir. 2000); Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997).  Having evaluated the cost reimbursement requested here, the Court determines the transcription and copy costs claims are allowable costs. Plaintiff's objection to them is overruled.

    C.    Other costs

The Court has reviewed the other costs claims and determines they also are appropriate to be claimed and reimbursed and any objection to them is overruled.

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that on Plaintiff's Opposition to Defendants [sic] Bill of Costs ("Plaintiff's Objections") [159] is **OVERRULED**.

**IT IS FURTHER ORDERED** that costs are awarded to Defendant in the aggregate amount of $2,316.16.

**SO ORDERED** this 17th day of August, 2012.

                                    */s/ William S. Duffey, Jr.*
                                    WILLIAM S. DUFFEY, JR.
                                    UNITED STATES DISTRICT JUDGE